UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FLORA B. JONES,

    Plaintiff,

vs.

JUDGE GREGORY F. SINGER, *et al.*,

    Defendants.

Case No. 3:16-cv-142

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY DENYING *PRO SE* PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (DOC. 21) AS FUTILE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTIONS TO DISMISS (DOCS. 10, 11, 14, 21) BE GRANTED; (2) *PRO SE* PLAINTIFF'S COMPLAINT BE DISMISSED; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

    This civil case is before the Court on four separate motions to dismiss filed by: (1) Defendants Edward T. Mohler, Augustus J. Rosemont, and Patricia A. Upton; (2) Defendant Mike S. Mobley Reporting ("MMR"); and (3) Defendants the Montgomery County, Ohio Court of Common Pleas and Judges Michael W. Krumholtz and Gregory F. Singer. Docs. 10, 11, 14. *Pro se* Plaintiff filed memoranda in opposition to these motions. Docs. 15, 16, 20. Defendant MMR filed a reply memorandum. Doc. 18. The other moving Defendants did not file reply memoranda, and the time for doing so has expired.

    In addition to the motions to dismiss, this case is also before the Court on *pro se* Plaintiff Flora Jones's motion for leave to amend her complaint to add the Supreme Court of Ohio, as

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

well as Judge Dale Crawford as parties. Doc. 21. Although not yet a party to the case, the Ohio Attorney General's Office filed a memorandum in opposition on behalf of the Supreme Court of Ohio. Doc. 23.

The Court has carefully considered all of the foregoing, as well as the allegations set forth by *pro se* Plaintiff, and the aforementioned motions are now ripe for decision.

# I.

The factual underpinnings of this case arise from a number of civil cases filed by *pro se* Plaintiff Flora Jones ("Jones") in the Montgomery County, Ohio Court of Common Pleas, as well as at least two appeals in the Ohio Court of Appeals for the Second District. *See Jones v. Upton*, No. 26778, 2016 WL 525923, at *1 (Ohio Ct. App. Feb. 5, 2016). Judge Mary Donovan of the Ohio Second District Court of Appeals recently set forth a detailed history of this litigation in the state court, stating:

> [T]his litigation was initiated on February 23, 2006, in Case No. 2006 CV 01433 [presided over by Defendant Judge Singer], when Michael Jones filed suit against Upton and Rosemont, alleging personal injuries resulting from a motor vehicle accident. According to allegations in the complaint, Upton negligently entrusted a vehicle to Rosemont, who then negligently failed to yield to Jones, resulting in injury. The claim against Upton was voluntarily dismissed without prejudice on April 26, 2006. On December 21, 2007, a Notice of Suggestion of Death was filed that provides that Michael Jones died on or about November 29, 2007. On February 25, Flora Jones, as the administrator of the estate of Michael Jones, was substituted as the Plaintiff. On October 1, 2010, Jones filed "Plaintiff's Motion for Voluntary Dismissal Pursuant to Ohio Civil Rule 41(A)," which the court granted five days later.
>
> Jones refiled suit against Upton and Rosemont on October 5, 2011, in Case No. 2011 CV 07158 [presided over again by Judge Singer], and that matter was dismissed on June 8, 2012 for lack of prosecution, without prejudice. Jones refiled suit against Upton and Rosemont on May 31, 2013, in Case No. 2013 CV 03278 [presided over by Defendant Judge Krumholtz]. On June 26, 2013, the trial court issued an "Order Sustaining in part, Overruling in part, Defendants' Motion to Dismiss." In this Order, the trial court dismissed Upton from the case with prejudice, and Rosemont's motion to dismiss was overruled. On August 7, 2013, the trial court sustained Rosemont's motion for summary judgment, finding

> that "no genuine issue of material fact exists as to whether Mr. Jones suffered any injury and/or loss of life as a proximate result of the alleged negligence of Mr. Rosemont causing the MVA on January 17, 2005. As a result of this finding, the Court need not further analyze the remaining elements of Plaintiff's personal injury or wrongful death claim." On April 21, 2014, Jones filed a *pro se* motion to reactivate Case No. 2011 CV 07158, which the trial court denied.
>
> On June 9, 2014, Jones filed a complaint against Upton [and] Rosemont . . . alleging personal injuries and wrongful death, in Case No. 2014 CV 03402 [presided over again by Judge Krumholtz].

*Id*. The state trial court subsequently granted summary judgment in favor of Upton and Rosemont in that case (2014 cv 02402) on the basis that the claims were barred by *res judicata*, a finding that was affirmed on appeal on February 5, 2016. *Id*. at *3.

After receiving that unfavorable outcome in the state court, Jones initiated this case in federal court on April 14, 2016, alleging -- under 42 U.S.C. § 1983 -- that she was deprived of her right to due process of law and her right to trial by jury in her pursuit of the underlying civil claims asserted in the Montgomery County Court of Common Pleas. *Id*. at PageID 4-18. In this civil rights lawsuit, Jones names eight Defendants in the caption of her complaint.[2] Doc. 1 at PageID 1. *See* doc. 21.

Specifically, Jones asserts claims against the Montgomery County, Ohio Court of Common Pleas ("Common Pleas Court") as well as Judges Gregory F. Singer and Michael W. Krumholtz -- both of whom presided over separate cases initiated by Jones in the Common Pleas Court. Doc. 1 at PageID 4-18. Jones also names Patricia A. Upton and Augustus J. Rosemont, III, as Defendants, both of whom Jones alleges were negligent in causing the 2005 motor vehicle

---

[2] Jones also seeks leave to add three additional Defendants, namely: (1) the Supreme Court of Ohio; (2) retired Franklin County, Ohio Common Pleas Judge Dale A. Crawford; and (3) the Dayton Bar Association. Doc. 21. Jones's allegations against these proposed Defendants will be set forth in more detail *infra* at IV when analyzing Jones's motion for leave to amend.

accident.[3]  *Id*.  Jones also names Edward T. Mohler, Esq. -- an attorney who represented Upton and Rosemont in the underlying state cases -- as well as her former attorney in the state cases, Raymond W. O'Neal, as Defendants.  *Id*.  Finally, Jones sues Mike Mobley Reporting ("MMR") -- a private court reporting business that transcribed depositions in the underlying state cases -- alleging that it refused to provide her with a copy of her son's deposition transcript.  *Id*. at PageID 15.

## II.

All Defendants -- with the exception of Defendant O'Neal, who has yet to appear in this lawsuit -- move to dismiss this case under Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim.  Docs. 10, 11, 14.

### A.    Federal Rule 12(b)(6) - Failure to State a Claim

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[4]  While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[3] Notably, the only allegations with regard to Defendants Rosemont and Upton concern the mere fact that they were parties in Jones's state court lawsuits.  Doc. 1 at PageID 12, 14, 17.

[4] The "short and plain statement" requirement set forth in Rule 8 prohibits a pleading party from "cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two."  *Gurman v. Metro Hous. and Redevelopment Auth.*, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011).  Here, Jones's complaint arguably fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and, as a result, the complaint may be subject to dismissal without prejudice on this basis.  *See id*. at 1151-52.

Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

**B.     Federal Rule 12(b)(1) - Lack of Subject Matter Jurisdiction**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) asserts that the court lacks subject-matter jurisdiction.  Such a motion may consist of a "facial attack," under which the moving party asserts that the allegations of the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which the court may consider evidence to determine if jurisdiction does exist.  *O'Bryan v. Holy See*, 556 F.3d 361, 376–77 (6th Cir. 2009).  Here, Defendants set forth a facial attack and, in so considering such an attack, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent dismissal.  *O'Bryan*, 556 F.3d at 377.

**III.**

The only assertion invoking original federal jurisdiction within the complaint is the conclusory contention that Jones's "Civil Rights have been violated and [she has] been denied the Due Process of the Law."  Doc. 1 at PageID 4.  In other words, Jones purports to assert claims under 42 U.S.C. § 1983 for one or more alleged violations of her rights under the Fourteenth Amendment of the United States Constitution.  *Id*.  To state a claim for relief under § 1983, the complaint must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir.2003); *Edwards v. Univ. of Dayton*, 142 F. Supp. 3d 605, 607 (S.D. Ohio 2015).

Here, however, only the Montgomery County Court of Common Pleas, Judge Singer, and Judge Krumholtz can plausibly be considered "state actors" for § 1983 purposes.  On the other

hand, Defendants Mohler, Upton, Rosemont and MMR[5] are all private citizens and there are no allegations that would otherwise bring them within the definition of "state actor" for § 1983 purposes.[6] The same is true for Defendant Raymond O'Neal -- an Ohio attorney -- whom Jones appears to assert legal malpractice claims against under Ohio state law.[7] *See* doc. 1 at PageID 4-10. Accordingly, insofar as Jones seeks to assert § 1983 claims against Defendants Mohler, Upton, Rosemont, MMR and O'Neal, the undersigned concludes that Jones fails to state a claim upon w which relief can be granted and, therefore, their motions to dismiss (docs. 10, 11) should be **GRANTED**.

With regard to Jones's claim against the Common Pleas Court under § 1983, such claims are barred by the Eleventh Amendment of the United States Constitution. *See Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997) (holding that the State of Ohio and Ohio Common Pleas Courts are immune "from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution"); *see also Johnson v. Ohio*, 166 F. Supp. 3d 931, 931 (S.D. Ohio 2016). Further, the Common Pleas Court is not *sui juris* and, therefore, it "can neither sue

---

[5] Private court reporters are not "state actors" for § 1983 purposes. *See Westbrook v. Barclay Court Reporters*, 591 F. App'x 514, 514-15 (7th Cir. 2015); *Yevstifeev v. Steve*, 730 F. Supp. 2d 308, 310 (W.D.N.Y. 2010); *White v. Wilson*, No. CIV.A. 11-2820 MLC, 2011 WL 2039090, at *2 (D.N.J. May 23, 2011); *Moss ex rel. Moss v. Unknown TN DHS APS Comm'rs*, No. CIV. 2:07-0012, 2009 WL 2762051, at *2 (M.D. Tenn. Aug. 25, 2009).

[6] "[A] private party can fairly be said to be a state actor if (1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Tahfs v. Proctor*, 316 F.3d 584, 589–90 (6th Cir.2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *see also Wilson v. City of Dayton*, 14 F. Supp. 3d 900, 905 (S.D. Ohio 2014). Here, there are no factual allegations underlying a conspiracy claim. Notably, the mere fact that Rosemont and Upton were prevailing Defendants in the underlying state suits, and were represented by Mohler, fails to set forth a conspiracy to deprive her of due process of law. *See Scheib v. Butcher*, 602 F. App'x 67, 68 (3rd Cir. 2015) (holding that "merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge") (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

[7] The Court notes that Attorney O'Neal has previously been disciplined by the Supreme Court of Ohio, having most recently been "suspended from the practice of law in the state of Ohio for two years, with 18 months stayed on the conditions[.]" *Dayton Bar Assn. v. O'Neal*, 982 N.E.2d 692, 697 (Ohio 2012); *see also Dayton Bar Assn. v. O'Neal,* 681 N.E.2d 1335, 1335 (Ohio 1997).

nor be sued in its own right." *Harsh v. City of Franklin, Ohio*, No. C-1-07-874, 2009 WL 806653, at *5 (S.D. Ohio Mar. 26, 2009). Accordingly, for these reasons, the motion to dismiss filed by the Common Pleas Court (doc. 14) should be **GRANTED**.

With regard to § 1983 claims against Judges Singer and Krumholtz -- assuming Jones asserts such claims against them in their individual capacities[8] -- the Court notes that judicial officers are absolutely immune from damages in civil actions. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Such immunity applies not only to § 1983 claims, but to state law claims as well. *See Kelly v. Whiting*, 477 N.E.2d 1123, 1127 (Ohio 1985). Judicial immunity may be overcome only when the conduct alleged is: (1) performed at a time when the defendant is not acting as a judge; or (2) taken in complete absence of all jurisdiction. *Barnes*, 105 F.3d at 1116. The scope of the judge's jurisdiction is to be broadly construed and a judge's immunity will not be defeated because the action he or she took was in error, done maliciously, or was in excess of his or her authority. *Stump*, 435 U.S. at 356-57; *see also Sevier v. Turner*, 742 F. 2d 262, 271 (6th Cir. 1984) (holding that a judge merely acting in excess of authority does not preclude immunity). Here, the conduct forming the basis of Jones's § 1983 claims against Judges Singer and Krumholtz was performed at the time they were acting as judges, and there are no allegations that they acted in the complete absence of jurisdiction. Accordingly, the motion to dismiss filed by Judges Singer and Krumholtz (doc. 14) should be **GRANTED**.

In light of the foregoing, there are no plausible federal claims alleged. As a result, the undersigned concludes that this case should be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. To the extent Jones asserts claims under state law, the Court could

---

[8] Insofar as Jones asserts such claims against Judges Singer and Krumholtz in their official capacities, those claims are barred by the Eleventh Amendment for the same reasons as claims against the Court of Common Pleas are barred. *See Mumford*, 105 F.3d at 270.

potentially exercise supplemental jurisdiction over those alleged state claims, but should decline to do so. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (stating that, in cases where the district court dismisses federal claims "before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed").

## IV.

On September 9, 2016, Jones moved to amend her complaint to add the Supreme Court of Ohio, Judge Dale A. Crawford, and the Dayton Bar Association as Defendants. Doc. 21. Jones alleges that, despite having previously disciplined Defendant O'Neal, it nevertheless allowed him to continue to practice law. *Id.* at PageID 131-32. Jones also alleges that the Supreme Court of Ohio appointed Judge Crawford to preside over lawsuits she filed in the Montgomery County Common Pleas Court against Judge Singer. *Id.* at PageID 131; doc. 21-1 at PageID 140.

For the same reasons set forth *supra* regarding claims against the Montgomery County Court of Common Pleas, Jones's motion for leave to amend the complaint to add the Supreme Court of Ohio is **DENIED** as futile because such claims are barred by the Eleventh Amendment. *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236 (6th Cir. 2002) (holding that "claims against the Supreme Court of Ohio and its officials are barred by the Eleventh Amendment"). Jones's motion for leave to add Judge Crawford is **DENIED** as futile because Judge Crawford is entitled to absolute judicial immunity. *See supra*.

## V.

Based upon the foregoing, the undersigned **RECOMMENDS** that: (1) Defendants' motions to dismiss (docs. 10, 11, 14) be **GRANTED**; (2) *pro se* Plaintiff's federal claims be

**DISMISSED** with prejudice; and (3) *pro se* Plaintiff's state law claims be **DISMISSED** without prejudice.

Further, the undersigned **DENIES** *pro se* Plaintiff's motion for leave to amend (doc. 21).


Date:   October 4, 2016                           *s/ Michael J. Newman*
                                                  Michael J. Newman
                                                  United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).