UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FLORA B. JONES

    Plaintiff

vs.                                                                            Case No.  3:16-cv-142

JUDGE GREGORY F. SINGER, et al.,

    Defendants

_____

**ENTRY AND ORDER OVERRULING OBJECTIONS(DOC.25),
ADOPTING REPORT AND RECOMMENDATIONS (DOC.24)
IN THEIR ENTIRETY; AND TERMINATING THIS CASE**
_____

       This matter is before the Court on Plaintiff's Objections (Doc. 25) filed by Plaintiff, Flora B. Jones ("Jones") to the Report and Recommendations (Doc. 24) in which Magistrate Judge Michael Newman recommended that the Court deny Plaintiff's Motion to Amend Complaint and dismiss Plaintiff's federal claims against all Defendants with prejudice and state claims without prejudice.

       As required by 28 U.S.C. Section 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Upon said review, the Court finds that Jones's Objections (Doc. 25) are not well taken and they are hereby **OVERRULED.** The Court **ADOPTS** the Report and Recommendations (Doc. 24) in their entirety.

       In so ruling, this Court finds as the Magistrate Judge concluded, that Plaintiff seeks to assert Section 1983 claims against Defendants Mohler, Upton, Rosemont, MMR and O'Neil, all private citizens, with no allegations asserted that would bring them within the definition of state actor.   Plaintiff, therefore, fails to state a claim against these Defendants under Section 1983 upon which relief can be granted.

       Also, as to her Section 1983 claims against the Montgomery County Common Pleas Court,

those claims are barred by the Eleventh Amendment of the United States Constitution in addition to the fact the Court is not *sui juris* and cannot be sued in its own right.

As to the Section 1983 claims against Judge Singer and Krumholtz, these Judges are absolutely immune from damages since Plaintiff make no allegations that they were not acting as a judge and in the complete absence of jurisdiction.

Finally, the request to amend said complaint to add the Supreme Court of Ohio, Judge Crawford and the Montgomery County Bar Association is not well founded.  Due to the applicability of the Eleventh Amendment, Judicial Immunity and the reasoning previously stated with regard to Section 1983 claims against private citizens, such amendment would be futile.

Plaintiff's Motion for Leave to Amend (Doc. 21) is **DENIED.**  Defendants' Motions to Dismiss (Doc. 10, 11, 14) are **GRANTED.** Plaintiff's Federal 18 U.S.C. Section 1983 claims against all Defendants are **DISMISSED** with prejudice. Plaintiff's state claims against all Defendants are **DISMISSED** without prejudice. The Clerk of Courts is **ORDERED** to terminate this case on the docket of this Court.

**IT IS SO ORDERED.**

**January 17, 2017**                                               *s/Thomas M. Rose

                                                                                          _____
                                                                                          THOMAS M. ROSE
                                                                                          UNITED STATES DISTRICT JUDGE